Filed 12/22/21  P. v. Walker CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

VERNON ROBERT WALKER,

    Defendant and Appellant.

E077191

(Super.Ct.No. FMB006290)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Rodney A. Cortez, Judge.  Affirmed in part; reversed and remanded with directions in part.

Kimberly J. Grove, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers, Lise Jacobson, and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

Defendant and appellant Vernon Robert Walker appeals the trial court's summary denial of his petition for resentencing pursuant to Penal Code[1] section 1170.91, arguing the court erred in determining he was ineligible for resentencing under that statute on his conviction for a determinate term offense. The People agree that the determinate term of his sentence is eligible for resentencing and that the matter should be remanded for the trial court to consider it. We agree and remand the matter for the trial court to consider the determinate term of his sentence. In all other respects, we affirm.

# II

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, defendant and his accomplice, Demetrius McClendon, killed two fellow Marines for 10 pounds of marijuana and torched the victims' car containing their bodies. (*People v. Walker* (Sept. 22, 2006, E038397) [nonpub. opn.] (*Walker I*).)[2] A jury convicted defendant of two counts of first degree murder (§ 187, subd. (a)) and one count of arson (§ 451, subd. (d)). As to the murder offenses, the jury also found true a firearm enhancement (§ 12022.53, subd. (b)), as well as multiple special circumstances (§ 190.2 subd. (a)(3)) [multiple murder], (1) [financial gain], & (15) [lying in wait]) findings. The

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The details of the underlying factual background are not relevant to this appeal, and we will not recount them in this opinion. Those details can be found in the nonpublished opinion from defendant's direct appeal. (See *Walker I*, *supra*, E038397.)

trial court sentenced defendant to two consecutive indeterminate terms of life without the possibility of parole, plus an additional consecutive three years for the arson and 10 years for the firearm enhancement under section 12022.53, subdivision (b).

Defendant subsequently appealed. On September 22, 2006, in a nonpublished opinion, this court struck the inapplicable parole revocation fine, but otherwise affirmed the judgment. (See *Walker I*, *supra*, E038397 at pp. 2-3.)

In 2015, the Legislature enacted section 1170.91. That section allows a veteran who may be suffering from one of certain disorders as a result of his or her military service to obtain resentencing, so that the trial court can consider that disorder as a mitigating factor when choosing whether to impose a low, mid, or upper determinate sentencing term. The Legislature also permitted those convicted prior to the enactment of the statute to petition for resentencing under section 1170.91.

On May 4, 2021, defendant in propria persona filed a petition for resentencing pursuant to section 1170.91, along with his declaration in support.

On May 5, 2021, the trial court summarily denied the petition, finding defendant was ineligible for resentencing under section 1170.91 because he "was sentenced to an indeterminate term" and section "1170.91 only applies to determinate terms." Defendant timely appealed.

DISCUSSION

Defendant argues the trial court erred in determining that he was ineligible for resentencing on the determinate term for his arson conviction. He concedes that he was ineligible for resentencing under section 1170.91 on his indeterminate terms. "Though in practical effect his argument is largely academic," the People agree the matter should be remanded for the trial court to consider whether to resentence defendant to a term other than the upper term for his arson conviction. We also agree.

"Since 2015, California law has required sentencing courts to consider, as mitigating factors weighing in favor of a low-term determinate sentence, any trauma, substance abuse, and mental health problems caused by a defendant's service in the United States military. (§ 1170.91, subd. (a); *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, 236, 238.) In 2018, the Legislature amended section 1170.91 to allow those sentenced for a felony conviction before January 1, 2015, to petition for a resentencing hearing at which the court could consider mitigating factors related to military service. (§ 1170.91, subd. (b)(1), (3); *People v. Bonilla-Bray*, *supra*, at pp. 236, 238.)" (*People v. Estrada* (2020) 58 Cal.App.5th 839, 841 (*Estrada*).)

Section 1170.91, subdivision (a), provides, in pertinent part: "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of

his or her military service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170."

Subdivision (b)(1) of section 1170.91 embodies the mechanism authorizing post-judgment relief. It states: "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence, before the trial court that entered the judgment of conviction in his or her case, to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions: [¶] (A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing. [¶] (B) The person was sentenced prior to January 1, 2015. This subdivision shall apply retroactively, whether or not the case was final as of January 1, 2015."

This court recently held that a plain reading of this language leads to only one reasonable conclusion: the resentencing mechanism embodied in section 1170.91 applies only to a determinate term imposed under section 1170, subdivision (b), not an indeterminate term imposed under other sentencing statutes. (*People v. Stewart* (2021) 66 Cal.App.5th 416, 423-424 [three strikes] (*Stewart*); *Estrada*, *supra*, 58 Cal.App.5th at pp. 842-843 [*murder*].)

5

As explained in *Stewart*, "section 1170.91, subdivision (b) permits resentencing only 'pursuant to subdivision (a)'; and subdivision (a) applies only 'when imposing a term under subdivision (b) of Section 1170.' Subdivision (b) of section 1170 applies when a statute provides for a determinate upper, mid, and lower term; it provides that, in selecting the appropriate term, the trial court must consider factors in mitigation and aggravation, if any. [¶] The only reasonable interpretation of this language is that a petitioner is not eligible for relief under section 1170.91 unless he or she would be resentenced under section 1170, subdivision (b)—i.e., unless the potential penalty for at least one element of the sentence is a determinate triad." (*Stewart*, *supra*, 66 Cal.App.5th at p. 423, fn. omitted.) "Had the Legislature intended for section 1170.91 to apply to indeterminate terms . . . , it would not have specifically limited the statute's application to terms imposed under section 1170, subdivision (b)." (*Estrada*, *supra*, 58 Cal.App.5th at p. 843.)

Here, defendant was sentenced to two indeterminate terms for murder, plus a determinate term of three years for the arson. Section 1170.91 does not apply to defendant's indeterminate terms. However, the trial court incorrectly concluded that section 1170.91 does not apply to defendant's determinate term for arson. The trial court had imposed this sentence under section 1170, subdivision (b), as it had a choice between imposing a term of 16 months, two years, or three years for the arson under section 451, subdivision (d). Therefore, the determinate sentence component of defendant's sentence

6

is eligible for resentencing under section 1170.91.  (*Stewart*, *supra*, 66 Cal.App.5th at p. 423.)

IV

DISPOSITION

The matter is reversed and remanded for the trial court to consider whether to resentence defendant under section 1170.91 on his arson conviction.  In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
J.

We concur:


<u>RAMIREZ</u>
P. J.


<u>McKINSTER</u>
J.

7